# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60028
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2015

Lyle W. Cayce
Clerk

JOSE GUADALUPE VASQUEZ ALVARADO,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 938 977

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges:

PER CURIAM:[*]

Jose Guadalupe Vasquez Alvarado, his wife, and his three children, all natives and citizens of Mexico, petition for review of a Board of Immigration Appeals decision dismissing their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), based on threats that Vasquez received during a property dispute. They do not challenge dismissal of the asylum or withholding-of-removal claims; therefore,

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-60028

these claims are waived. *E.g., Zhu v. Gonzales*, 493 F.3d 588, 593 n.10 (5th Cir. 2007).

Review of factual findings underlying the conclusion that an alien is not eligible for relief under CAT is conducted pursuant to the substantial-evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (citations omitted). Under that standard, we may not reverse unless "the evidence supports a contrary conclusion . . . [and] *compels* it". *Id.* (emphasis in original) (citation and internal quotation marks omitted).

Petitioners assert: they are likely to be tortured if they return to Mexico; and the Mexican government will disregard such torture. The evidence, however, shows: criminals extorted Vasquez once; and, although these criminals do not possess the deed they demanded from Vasquez, they control the land to which the deed applies. The conclusory assertion that Vasquez or his family will be tortured if they return to Mexico and that such torture will be with the consent or acquiescence of the Mexican government is insufficient to compel a conclusion different from that reached by the BIA.

DENIED.